DOYLE ET AL. *v.* LAFAYETTE SAVINGS BANK.

[No. 10,818.   Filed April 19, 1922.   Rehearing denied June 26, 1923.   Transfer denied February 27, 1924.]

1. TAXATION.—*State Board of Tax Commissioners.*—*Powers.*—The State Board of Tax Commissioners is a creature of the legislature and, like other statutory boards, possesses only such powers as are conferred upon it by legislative enactment, and such powers can only be exercised in the manner prescribed by law.   p. 179.

2. TAXATION.—*Banks.*—*State and National.*—There is no provision in the tax laws of the State for the taxation of the surplus and undivided profit of national and state banks separate and apart from the taxation of the capital stock, which is the only basis for the taxation of such banks, the surplus and undivided profits merely being taken into consideration in determining the true cash value of the stock.   p. 179.

3. TAXATION.—*Banks.*—*Savings.*—*Surplus and Undivided Profits.*—*Statute.*—While §74 of the tax law of 1919 (Acts 1919 p. 198, §10139w2 Burns' Supp. 1921) provides that "the surplus and undivided profits of all savings banks * * * shall be assessed for taxation in the same manner as the surplus and undivided profits of national and state banks," which are assessed by the State Board of Tax Commissioners, §108 of the law (§10139e4 Burns' Supp. 1921) expressly delegates the power of assessing savings banks to the county board of review, thus excluding savings banks from the jurisdiction of the State Tax Board.   p. 179.

From Tippecanoe Superior Court; *Emory B. Sellers,* Special Judge.

Action by the Lafayette Savings Bank against John C. Doyle and others.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*Ele Stansbury, U. S. Lesh,* Attorneys-General, *Flan-*

agan & Hanagan and Myers, Ralston, Gates, Lairy, Van Nuys & Barnard, for appellants.

William V. Stuart, Dan W. Simms, Charles H. Stuart, Allison E. Stuart, Walker & Walker, Harry J. Baker and Anderson, Parker, Crabill & Crumpacker, for appellee.

REMY, J.—Suit by the Lafayette Savings Bank, appellee herein, against appellants, the county auditor and county treasurer, respectively, of Tippecanoe County, to enjoin the collection of certain taxes levied against such bank. The cause having been put at issue, the court made a special finding of facts and stated its conclusions of law thereon in favor of appellee, and rendered judgment accordingly.

Among other things, the court found that "the Lafayette Savings Bank is a corporation organized and existing under and pursuant to the act of May 12, 1869, entitled 'An act to provide for the organization of savings banks, and the safe and proper management of their affairs;'" and that the State Board of Tax Commissioners, at its first session in the year 1919, and in the month of April of that year, made an assessment for taxation upon the surplus and undivided profits of the Lafayette Savings Bank, and that the taxes thus assessed were certified to appellant Doyle as auditor of Tippecanoe County.

It is urged by appellee that the tax assessment in controversy is illegal and void for the reason that the State Board of Tax Commissioners had no authority to make it; that it should have been made, if at all, by the board of review of Tippecanoe County. If appellee is right in this contention, it will not be necessary to consider other questions presented, and the judgment must be affirmed.

The State Board of Tax Commissioners is a creature of the legislature, and, like other statutory boards, pos-

sesses only such powers as are conferred upon 1, 2. it by legislative enactment. *Bell* v. *Meeker* (1906), 39 Ind. App. 224, 78 N. E. 641. It follows, that the powers conferred upon the board can only be exercised in the manner prescribed by law. *Gray* v. *Foster* (1910), 46 Ind. App. 149, 92 N. E. 7.

The question presented involves the construction of certain sections of the tax act of 1919. Acts 1919 p. 198, §10139b *et seq.* Burns' Supp. 1921. Section 74 of such act provides: "The surplus and undivided profits of all savings banks in the State of Indiana shall be assessed for taxation in the same manner as the surplus and undivided profits of national and state banks in the State of Indiana; and the taxes assessed against said surplus and undivided profits shall be paid by said savings banks."

There is no provision in the tax laws of the State for the taxation of the surplus and undivided profits of national and state banks separate and apart from the taxation of the capital stock. Under the statute (§76, Acts 1919 p. 198, *supra*) the assessment of national and state banks must be made by the State Board of Tax Commissioners, and must be upon the capital stock. The only reference in the statute to the taxation of the surplus and undivided profits is that they shall be taken into consideration "in determining the true cash value" of the shares of stock. Appellee being a savings bank organized under the act of 1869, it had no capital stock.

It is the contention of appellants that if the surplus and undivided profits of savings banks are to be "assessed for taxation in the same manner" as the 3. surplus and undivided profits of national and state banks, as provided by the provision of §74 above, it must follow that the taxes were properly assessed by the State Board of Tax Commissioners. Since there is no specific provision in the law for the taxation

of the surplus and undivided profits of national and state banks, except as above indicated, the meaning of §74 might not be clear, if we should limit consideration to the provision of the section relied upon by appellants, or even to the entire section; but when the further provision of §74, that "All savings banks * * * shall make the same reports of surplus and undivided profits," etc., is taken in connection with §§107 and 108, Acts 1919 p. 198, *supra*, there can be little doubt as to its meaning, for the provision requiring savings banks to make "the same reports" as do national and state banks cannot be extended to mean that these reports shall be made to the *same* taxing authorities. Section 107, Acts 1919 p. 198, *supra*, states to whom such reports shall be delivered. This section, with §108, Acts 1919 p. 198, *supra*, provides the machinery, and refers to the *taxing authorities* who shall have charge of the assessment of the surplus and undivided profits of savings banks, but the manner of determining and fixing the true cash value thereof must be the same as that followed by the state board in fixing the assessed value of shares of stock of national and state banks. Section 76, Acts 1919 p. 198, *supra*, has to do with the institutions therein named, and specifies to whom the statements made by such institutions shall be delivered, and provides the steps thereafter to be taken leading to an appraisement by the State Board of Tax Commissioners. It will be observed that by §§107 and 108 of the act, Acts 1919 p. 198, *supra*, the power to assess savings banks is expressly delegated to the county board of review. It follows that the State Board of Tax Commissioners had no authority to make the assessment in controversy, and that the same is, therefore, illegal and void.

Affirmed.

Dausman, J., dissents.